ELISHA BURBANK *vs.* JABEZ C. CROOKER & another.

A sale and delivery of a stock of goods to a shopkeeper to be put into his shop for sale, but upon condition that the title shall not vest in him until payment of the price, does not pass a title to him, before such payment, which he can, as against his vendor, transfer to a purchaser of his whole stock of goods, including so much of the first stock as remains unsold; though eight months elapse before such second sale, and the second purchaser has no notice of the condition. And the original vendor, after notice to the second purchaser that he owns part of the goods, may maintain an action against him for their value, without more particularly designating the articles claimed by him.

A tenant in common may maintain trover against his cotenant for selling the entire property as his own.

ACTION OF TORT for the conversion of goods. Writ dated May 11th 1855.

At the trial in the court of common pleas, the plaintiff introduced evidence tending to show these facts: In August 1854 he and one Richardson were joint owners of a small stock of goods of "a country store" in Woburn, and they then agreed with one Davis to sell him the goods at a certain price, (without however fixing a time of payment,) and to deliver them to him to be put into his shop for sale; but that the property in them should not pass to Davis until the price was paid. The goods were put into the shop, and exposed with others for sale, and sales of them made in the ordinary course of business, and new purchases made to keep up the stock, until February 1855, when Davis leased the store and sold the stock to one Knights, with full notice of his agreement with the plaintiff and Richardson, and without separating the goods included in that agreement from the rest. Davis never paid the price of those goods, and Knights agreed to pay it himself, and did pay to Richardson his proportion of it. Knights continued to sell goods from the shop, and to put other goods therein, until April 1855, when he sold all the stock, including some of said goods, to the defendant Crooker, who bought and paid for them in good faith and without notice that the plaintiff had any claim to them, and afterwards employed the other defendant to sell them at auction. Before the auction, the plaintiff notified the defendants that he owned a portion of the goods to be sold, and forbade the sale, but did not point out

any particular goods as his; and the defendants proceeded with the sale, and sold all the goods. After that sale, and before bringing this action, the plaintiff made a demand on the defendants for a return of the goods, or payment of the price.

Upon this evidence, *Sanger*, J. ruled that the plaintiff could not recover, and directed a verdict for the defendants, which was returned, and the plaintiff alleged exceptions.

*A. V. Lynde*, for the plaintiff.

*C. P. Judd*, for the defendants.

DEWEY, J. The case shows originally a conditional sale of property to Davis by the plaintiff and Richardson, and under such circumstances as did not vest the property in Davis. This property was transferred by Davis to Knights, with knowledge on his part of the conditional sale to Davis, and subject to all the rights of plaintiff in the same. In this state of the case, the property clearly remained in the plaintiff and Richardson while held by Knights, until the condition was performed.

Had a sale been made of individual articles in the ordinary course of business in a country store, the plaintiff might have been estopped to assert any right adverse to such purchaser having placed them in the hands of such dealer with the understanding that they were to be thus used. But the purchase by the defendant Crooker was of a different character. It was a purchase of a stock of goods generally, like any other purchase of personal property, and with only that right of property which his vendor had. The whole doctrine of conditional sales, where the possession is in the vendee and he is apparently the owner, is one rendering purchasers less secure of acquiring a good indefeasible title; but it is well settled, and the purchaser in the present case from Knights takes the usual risk of the right of his vendor to sell this property. *Coggill* v. *Hartford & New Haven Railroad*, 3 Gray, 545. *Blanchard* v. *Child, ante*, 155.

2. We do not perceive any such delay in enforcing his right as should prejudice the plaintiff.

3. The objection that Crooker had become the owner of the interest of Richardson, and was therefore a tenant in common, will not defeat the action; as one tenant in common has not the

¬ight to sell the entire property as his own, and if he does, becomes liable therefor in an action of tort. *Weld* v. *Oliver*, 21 Pick. 559.

4. No duty devolved on the plaintiff under the circumstances of the case, and the claim made by Crooker, as purchaser of the whole, to designate more particularly the articles in which the plaintiff claimed property. We think the case ought to have been submitted to the jury, as to the goods sold by Knights to Crooker, under the instruction, in matters of law, already stated. *Exceptions sustained.*